UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MAURICE R. HOWIE,

        Petitioner,

    v.

SUPERINTENDENT PICCOLO,

        Respondent.
_____

**ORDER**

17-CV-6753 EAW

    Petitioner Maurice R. Howie ("Petitioner"), an inmate at the Clinton Correctional Facility, has submitted to this Court a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. (Dkt. 1) (the "Petition"). Pursuant to an Order of the Court (Dkt. 2), Respondent filed his opposition to the Petition on February 9, 2018 (Dkt. 4; Dkt. 5). Petitioner filed a reply on August 16, 2018. (Dkt. 12).

    On November 4, 2019, Petitioner filed a motion asking the Court to: (1) grant him leave to amend the Petition to include an additional "CPL § 440.10 claim that will be litigated in Supreme Court, Erie County, that involves matters of a Federal and State Constitutional magnitude, which could result in vacatur of Petitioner's conviction"; and (2) to thereafter stay and hold in abeyance this action, to afford Petitioner an opportunity to exhaust the newly added claim. (Dkt. 14). Respondent opposes Petitioner's motion, noting that Petitioner has "offered no justification for why he did not previously exhaust the claim," and has further "not outlined the merits of" the proposed claim. (Dkt. 16).

In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court explained that as a general rule, "federal district courts may not adjudicate mixed petitions for habeas corpus, that is, petitions containing both exhausted and unexhausted claims." *Id.* at 273. Instead, such petitions are typically dismissed without prejudice, "allowing petitioners to return to state court to present the unexhausted claims to that court in the first instance." *Id.* at 274.

However, in certain circumstances, instead of dismissing without prejudice, the district court may stay and hold in abeyance a mixed petition, affording the petitioner an opportunity to return to state court and exhaust the unexhausted claims. First, the petitioner must demonstrate "good cause" for his "failure to exhaust his claims first in state court." *Id.* at 277. Second, the petitioner must demonstrate that his unexhausted claims are not "plainly meritless." *Id.* Finally, the Court must assure itself that the petitioner has not engaged in "abusive litigation tactics or intentional delay," and must "place reasonable time limits on a petitioner's trip to state court and back." *Id.* at 278.

The record before the Court does not permit it to allow Petitioner to add his proposed unexhausted claim to the Petition—thus rendering it a mixed petition—and then enter a stay. Petitioner has offered no explanation for his failure to previously exhaust this claim in state court, nor has he set forth the basis for his belief that this claim has merit. Petitioner also has not explained why he waited for over a year and a half after Respondent filed his opposition to the Petition to make this request to amend and for a stay. On the papers submitted, the Court cannot conclude that the standard set forth in *Rhines* has been satisfied and thus cannot afford Petitioner the relief he seeks.

The Court accordingly denies Petitioner's motion to amend and to stay. (Dkt. 14). The Court will decide the claims presented in the Petition in due course.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

DATED: November 30, 2020
Rochester, New York